RELIANCE MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6021. Promulgated June 28, 1927.

1. JURISDICTION.—Under the provisions of section 283(f) of the Revenue Act of 1926, the Board has jurisdiction in a case in which a jeopardy assessment was made in February, 1924, and a claim for abatement was made, considered, and finally rejected on July 30, 1925.

2. STATUTE OF LIMITATIONS.—Where tentative return, Form 1031–T, was filed on March 13, 1919, and the return, Form 1120, as required by law, was filed on June 16, 1919, *held*, that the 5-year period of limitation provided by section 250(d) of the Revenue Act of 1921, began to run at midnight, June 16, 1919, under authority of the *Appeal of Dallas Brass & Copper Co.*, 3 B. T. A. 856.

3. Where an assessment was made in February, 1924, within the 5-year period of limitation provided by section 250(d) of the Act of 1921, and the Revenue Act of June 2, 1924, was enacted prior to the expiration of that 5-year period, and the Commissioner has not as yet begun a suit or other proceeding for the collection of the tax, *held*, that section 278(d) of the Revenue Act of 1924 is not retroactive and the collection of the tax involved in this proceeding, by suit in court or by distraint proceedings, is barred and there is no deficiency.

*Herbert G. Mayer, Esq.*, and *Carl Meyer, Esq.*, for the petitioner.
*J. W. Fisher, Esq.*, for the respondent.

This proceeding is from the Commissioner's determination of a deficiency in income and profits taxes for the calendar year 1918, in the amount of $62,542.66.

The Commissioner has raised the question of the Board's jurisdiction on the ground that he has not since the enactment of the Revenue Act of 1924 determined that any assessment should be made against this petitioner for the year 1918.

The petitioner alleges that the collection of the proposed additional tax is barred by the statute of limitations. Petitioner claims that in the event the tax is not barred, it is entitled to have its profits tax computed under the provisions of section 328 of the Revenue Act of 1918.

#### FINDINGS OF FACT.

The petitioner is an Indiana corporation with its principal office at Chicago, Ill.

In a letter dated February 8, 1924, the petitioner was advised by the Commissioner that an additional tax for the year 1918 would be assessed " without giving the usual thirty-day notice, as provided for in section 250(d) of the Revenue Act of 1921," and that a claim in abatement would be entertained. On February 29, 1924 (within ten days of receipt of notice and demand from the Chicago collector of internal revenue), the petitioner filed a claim for abatement of the 1918 additional tax and protest. Further correspondence between the petitioner and the Commissioner followed, an oral hearing or conference was held on July 8, 1925, and by letter dated July 30, 1925, the petitioner was advised by the Commissioner that its claim

in abatement was finally rejected. From that final determination the petitioner filed on August 6, 1925, its appeal to this Board.

The petitioner for the calendar year 1918 filed on March 13, 1919, its tentative tax return, Form 1031–T, which did not state any items of gross income or deductions, and filed on June 16, 1919, its corporation income and profits-tax return, Form 1120, setting forth items of gross income, deductions, etc., as required by the Revenue Act of 1918. In February, 1924, within five years from the filing of the return, the Commissioner made an assessment of the additional taxes for the year 1918. No suit or other proceeding or distraint proceeding has been begun by the Commissioner against this petitioner for the collection of the additional taxes for the year 1918.

OPINION.

TRUSSELL: The Board has jurisdiction of this proceeding under the provisions of section 283(f) of the Revenue Act of 1926. See *Appeal of William A. Slater Mills, Inc.*, 5 B. T. A. 971, and *Appeal of Nice Ball Bearing Co.*, 5 B. T. A. 484.

The petitioner's income and excess-profits tax return for the year 1918, Form 1120, filed on June 16, 1919, was the return required by law and the five-year period of limitation, within which assessment may be made or a suit or proceeding begun for the collection of such taxes, as provided by section 250(d) of the Revenue Acts of 1918 and 1921, began to run on the day following June 16, 1919, under authority of *Appeal of Dallas Brass & Copper Co.*, 3 B. T. A. 856. In February, 1924, within the five-year limitation period, the Commissioner made an assessment of the additional tax for the year 1918. No suit or other proceeding had been begun by the Commissioner against this petitioner for the collection of the said additional tax at the time of the mailing of the deficiency notice. The position of the petitioner is that the collection of the proposed additional tax is barred by section 250(d) of the Revenue Act of 1921. The position of the Commissioner is that where assessment has been made within the five-year limitation period, collection of the tax by distraint subsequently thereto is not barred by section 250(d) of the Revenue Act of 1921 on the ground that the phrase "suit or proceeding" as used in that section refers to judicial proceedings and does not include collection of taxes by warrant for distraint.

The Supreme Court of the United States in *Bowers v. New York & Albany Lighterage Co.*, 273 U. S. 346, held that distraint is a "proceeding" as that term is used in section 250(d) of the Revenue Act of 1921, and that collection by distraint of income taxes imposed by the Revenue Acts of 1916 and 1917 is barred by section 250(d) of the Revenue Act of 1921 five years from the time the return was

filed, although the taxes were duly assessed within the five-year period provided by section 250(d) of that Act.

Clearly the proceeding at bar is analogous to the above-mentioned cases decided by the Supreme Court. However, in each of those cases the five-year limitation period expired prior to the enactment of the Revenue Act of 1924, and what effect, if any, that Act may have was not considered by that court.

In the proceeding at bar, the five-year limitation period expired on June 16, 1924, subsequent to the enactment of the Revenue Act of June 2, 1924, and the effect of that Act must be considered.

Section 277 of the Revenue Act of 1924 provides:

(a) Except as provided in section 278 * * *

(2) The amount of income, excess-profits, and war-profits taxes imposed by * * * the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period. * * *

Section 278 of the Revenue Act of 1924 provides:

(d) Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. * * *

(e) This section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by a proceeding in court if at the time of the enactment of this Act such assessment, distraint, or proceeding was barred by the period of limitation then in existence, or (2) *affect any assessment made, or distraint or proceeding in court begun, before the enactment of this Act.*

Section 278(e) states specifically that section 278 of the 1924 Act shall not affect any assessment made prior to the enactment of that Act and accordingly that section is not retroactive.

In the case of *United States* v. *Whyel*, 19 Fed. (2d) 260, it was held that section 278(d) of the Revenue Act of 1924 is not retroactive in effect as to assessments made prior to its passage, and under the provisions of section 250(d) of the Revenue Act of 1921, where an assessment was made within the statutory period before the passage of the 1924 Act, but suit was not commenced until after five years from the filing of the return, such suit was barred by the statute of limitations even though not barred when the 1924 Act was enacted. In that case the return was filed in October, 1919, the additional tax assessed in March, 1924, and the suit was begun in January, 1925, more than five years after the return was filed. In that case the court said:

The question as to whether section 278(e) (1) and (2) was intended to relate to the future only, or was to be given a retroactive effect is conclusively settled by the proceeding before the Committee on Finance of the Senate which had under consideration the Revenue Act of 1924. A. W. Gregg, appearing as

Special Assistant to the Secretary of the Treasury, referring to the Section which had just been read, said:

"That is to keep this section from having any retroactive effect or to apply to things happening before its passage."

Again, when the section was under consideration, Mr. Gregg said:

"That is to prevent the giving of any retroactive effect to the provision of this Act. The taxes under prior acts stand on their own footing, and this applies only after the passage of this Act."

The above quotations are from the Official Government Publication entitled "Hearings before the Senate on Finance, United States Senate, Sixty-eighth Congress, First Session on H. R. 6715, March 7, April 8, 1924.

This appears conclusive of the purpose which Congress had in mind when the Act of 1924 was passed, and they expressed this meaning in reasonably clear English when they said: "This Section shall not affect any assessment made, or distraint or proceeding in Court begun before the enactment of this Act."

In the case of *United States* v. *Cabot* (Sup. Ct., D. C., June 15, 1926, 5 Am. Fed. Tax Rep. 6172), it was held that section 278 (d) of the Revenue Act of 1924 has no retroactive application. See also *Henry Wilhelm Co.* v. *Heiner*, 21 Fed. (2d) 463.

The reasoning of the two learned judges in the last above cited cases is persuasive and leads us to the conclusion that we must find that in the case at bar the five-year period of limitation provided by section 250 (d) of the Revenue Act of 1921 had expired on June 15, 1924, and that at the time the deficiency letter dated July 30, 1925, was issued and mailed, the Commissioner had no authority to either assert, assess, or collect any tax or any deficiency in tax for the calendar year 1918 against or from this petitioner.

The Revenue Act of 1926, section 278, paragraphs (d) and (e) contains the following provisions:

(d) Where the assessment of any income, excess-profits, or war-profits tax imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer.

(e) This section shall not bar a distraint or proceeding in court begun before the enactment of the Revenue Act of 1924; nor shall it authorize the assessment of a tax or the collection thereof by distraint or by proceeding in court (1) if at the time of the enactment of this Act such assessment, distraint or proceeding was barred by the statutory period of limitation properly applicable thereto, unless prior to the enactment of this Act the Commissioner and the taxpayer agreed in writing thereto, or (2) contrary to the provisions of subdivision (a) of section 274 of this Act.

These provisions became effective on February 26, 1926. It is the accepted rule of statutory interpretation that any law shall not be deemed to have any retroactive effect unless clearly provided for. *United States* v. *St. Louis, San Francisco & Texas Ry. Co.*, 270

U. S. 1. As we read the language of this section we find no words providing for any retroactive effect. While in paragraph (d) there appear the words "whether before or after the enactment of this Act" there later appears in paragraph (e) the language "nor shall it [this section] authorize the assessment of a tax or the collection thereof by distraint or by proceeding in court (1) if at the time of the enactment of this Act such assessment, distraint or proceeding was barred by the statutory period of limitation properly applicable thereto." These two paragraphs read together appear to provide that if in any case where the statute of limitations had not run on February 26, 1926, an assessment of a tax made prior to that date or when made thereafter within the period of limitations might be collected at any time within those years from the date of assessment. This does not apply to the case at bar where the statute had run on June 16, 1924, and we are therefore of the opinion that there is nothing in either the Revenue Act of 1924 or the Revenue Act of 1926 which can be construed to lift this case out of the class governed by the decision of the Supreme Court in the case of *Bowers* v. *New York & Albany Lighterage Co.*, supra. See *National Refining Co. of Ohio*, 1 B. T. A. 236.

Section 1106 of the Revenue Act of 1926 further contains the provision "the bar of the statute of limitations against the United States in respect to any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability."

Following the decision of the Board in *Ocean Accident & Guarantee Co., Ltd.*, 6 B. T. A. 1045, and upon the record herein, we find that there is no deficiency for the calendar year 1918.

In view of our conclusion as to the statute of limitations, it is unnecessary to pass upon the question of assessment of the profits tax under section 328.

> *Judgment of no deficiency for the calendar year 1918 will be entered.*

Love dissents.