ART METAL WORKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16226. Promulgated December 6, 1927.

*R. P. Smith, Esq.*, for the petitioner.
*D. D. Shepard, Esq.*, for the respondent.

## OPINION.

SIEFKIN: It is not necessary to decide in this case whether "the return" which starts the running of the statute of limitations, is the return filed June 16, 1919, or that filed November 7, 1919. The same questions arise regardless of the date, and both parties having considered a choice immaterial, we shall consider the June 16, 1919, return as "the return."

Petitioner contends that by section 250 (d) of the Revenue Act of 1921, collection of this tax was barred on June 16, 1924, and that the passage of the Revenue Act of 1924 before collection was barred did not make that Act operative in any way, since that Act, by its terms, expressly did not affect any assessment made before its passage.

Respondent, however, insists that the provision of the Revenue Act of 1924 which repealed the Revenue Act of 1921 as of January 1, 1924, removes the 1921 Act from consideration, and, the five years for collection not having expired prior to the repeal of that Act, any limitation must be found in the 1924 Act substituted for it. Respondent then insists that collection was not barred under the 1924 Act because, he says, this tax was assessed in time, and as to taxes assessed in time, the 1924 Act provided six years after assessment for collection.

The provisions of the Revenue Act of 1924 upon which respondent relies are as follows:

SEC. 277. (a) Except as provided in section 278 * * *

(2) The amount of income, excess-profits, and war-profits taxes imposed by * * * the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

SEC. 278. (d) Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. Nothing in this Act shall be construed as preventing the beginning, without assessment, of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made.

SEC. 278. (e) This section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by a proceeding in court if at the time of the enactment of this Act such assessment, distraint, or proceeding was barred by the period of limitation then in existence, or (2) affect any assessment made, or distraint or proceeding in court begun, before the enactment of this Act.

SEC. 1100. (a) The following parts of the Revenue Act of 1921 are repealed * * * Title II (called "Income Tax") as of January 1, 1924.

We have considered the question involved in *Reliance Manufacturing Co.*, 7 B. T. A. 583, and there came to the conclusion that section 278 (e) above quoted did not authorize collection by distraint after the period provided by section 250 (d) of the Revenue Act of 1921 in a case where assessment was made prior to the passage of the Revenue Act of 1924 even though the five-year period provided for collection by section 250 (d) had not expired at the time of the passage of the 1924 Act. In reaching that conclusion we relied upon the case of *United States* v. *Whyel*, 19 Fed. (2d) 260; *United States* v. *Cabot* (Supreme Court, D. C., June 15, 1926, 5 Am. Fed. Tax Rep. 6172) to the same effect, and upon *Wilhelm Co.* v. *Heiner*, 21 Fed. (2d) 463. We said in that case:

The reasoning of the two learned judges in the last above cited cases is persuasive and leads us to the conclusion that we must find that in the case at bar the five-year period of limitation provided by section 250 (d) of the Revenue Act of 1921 had expired on June 15, 1924, and that at the time the deficiency letter dated July 30, 1925, was issued and mailed, the Commissioner had no authority to either assert, assess, or collect any tax or any deficiency in tax for the calendar year 1918 against or from this petitioner.

The opinion of the Board considers the sections of the Revenue Act of 1926 and determines that they do not have a retroactive effect in providing an additional period of six years for collection "where the assessment * * * (whether before or after the enactment of this Act) * * *" has been made within the statutory period of limitations. We further relied upon the provisions of section 1106 of the Revenue Act of 1926 and upon our decision in *Ocean Accident & Guarantee Co., Ltd.*, 6 B. T. A. 1045.

Before considering decisions of courts which have been made since our decision in the *Reliance* case, it may be pointed out that our decision in *Ocean Accident & Guarantee Co., Ltd., supra*, is not authority for the holding in the *Reliance* case, since in the earlier case the five-year period for collection had expired prior to the passage of the Revenue Act of 1924.

Since our decision in the *Reliance* case, the Circuit Court of Appeals for the Fifth Circuit in *United States* v. *Russell*, 22 Fed. (2d) 249, the District Court for the Northern District of Georgia in *McClure Company, Bankrupt*, 21 Fed. (2d) 538, and the case of *United States* v. *Board*, 14 Fed. (2d) 459, have held to the contrary and to the effect that if collection was not barred at the time of the passage of the Revenue Act of 1924, the Government is allowed six years after assessment within which to collect, even though assessment had been made prior to the Act of 1924. In addition to these cases, see also *Erie Taxi* v. *Gnichtel*, 17 Fed. (2d) 661, and *United States* v. *Crook*, 18 Fed. (2d) 449 (Fifth Circuit

Court of Appeals), affirming the decision of the District Court and upholding the application of section 278 (d) of the Revenue Act of 1924 to a 1919 tax.

In the *Russell* case, *supra*, the Circuit Court of Appeals said:

It is apparent that this case does not come within the exceptions of Sec. 278 (e). The Revenue Act of 1924 was adopted June 2, of that year, at which time the assessment of the tax here in suit had been timely made and there were still ten days in which to file suit to collect, so that neither was barred under the provisions of the Act of 1921. It follows that as the assessment was made within five years after the return, the Government had six years thereafter within which to bring suit, which it did within one year. The action was not barred by limitation.

Judge Sibley's opinion in the *McClure* case is extremely consistent and well reasoned. He says:

We are, therefore, required to ascertain whether the Act of June 2nd, 1924, saved this claim from becoming barred by the Act of 1921, five years after the return was filed, to-wit: on June 14th, 1925. The Act of 1924, Section 277a (2), which deals with tax claims arising prior to 1921, required that they " except as provided in Section 278. * * * shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be taken after the expiration of such period." Section 278d provides that " where the assessment of the tax is made within the period prescribed in Section 277, or in this Section, such tax may be collected by distraint or a proceeding in court begun within six years after the assessment of the tax." The combined effect of the two sections is to require an assessment to be made, or a suit without an assessment to be filed, within five years from the making of the return; but if an assessment is made within that time, a distraint or a suit to enforce it may be had within six years after the assessment. Thus, for the first time, in the Act of 1924, the assessment is made a point from which the limitation on proceedings to enforce collection is to run. The reason for the innovation is thus stated in the Gregg Report on the Mellon bill, as quoted by Holmes Federal Taxes, 6th Ed. p. 1347, note 85: " If the taxpayer has had notice of an assessment within the statutory period therefor, little hardship to him results from authorizing proceedings thereafter for the collection of the tax. The purpose of the limitation upon assessments is to assure the taxpayer that after the period has run and no assessment has been made, no tax may be collected from him. If, however, the assessment is made within the prescribed period, the assessment is comparable to a judgment at law and should remain alive until the tax is paid." This reason applied with equal force to every assessment, whether made before or after June 2nd, 1924. Section 278d does not speak of assessments hereafter made, but of assessments generally. In re-enacting this provision in Section 278d of the Act of 1926, in order to set at rest any doubt about the intent of the words, Congress inserted a parenthesis: "(whether before or after the enactment of this Act)." The assessment in this case, made within five years after the filing of the return and within six years before the filing of the proof of claim, saves this tax from the bar.

But section 278e is said to compel the opposite conclusion It declares: " This Section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by a proceeding in court if at the time of the enactment of this Act such assessment, distraint or proceeding was barred by the period of limitation then in existence; or (2) affect any assessment made or distraint

or proceeding in court taken before the enactment of this Act." The plain meaning of the first clause is that if on June 2nd, 1924, it was, under the provisions of previous statutes, too late to assess a tax, the new statute should not authorize the assessment, and if too late under previous statutes to distrain or sue, no distraint or suit should be had under the new statute. The present assessment was not made under the new statute, and it was not, on June 2nd, 1924, too late to sue under previous statutes, so this clause has no present application. The second clause seems equally plain and means that if an assessment had been made prior to June 2nd, 1924, it shall not be affected by the new statute, that is to say, it shall be no better and no worse as an assessment; and if a distress or suit had been begun before that date, it also shall be unaffected by the limitations of the new statute. It is not enacted that the provisions of the new statute shall not apply to a tax where a valid assessment was made before June 2nd, 1924. No reason can be thought of for imputing any such intent to Congress. While a shorter period of limitations was fixed for more recent taxes, it was known that behind 1921 was a great mass of unassessed and uncollected taxes. The period of five years was retained in which an assessment or a suit without assessment must be had on them. But where, within that time, the taxpayer had solemn notice of assessment of the claim, and thereby it was liquidated with prima facie correctness, more time was desired to be given for adjustment and payment before enforcement was to be compelled. An assessment on June 1st, 1924, differed in nothing from one on June 3rd, whether from the standpoint of the taxpayer or the Government. Section 278e was not intended to make a distinction where there was no difference. It did not exclude from the new scheme of limitations tax claims that had been assessed prior to June 2nd, 1924, but only declared that such assessment stood unaffected as assessments. Such an assessment, if timely and valid when made, remained a good assessment and as capable of being a starting point for the new limitation as one made after June 2nd. The proceeding in court here dealt with was begun long after June 2nd, 1924, and the second clause of 278e does not apply to it at all. It rests upon an assessment to which that clause does apply, but only to declare it unaffected, as good an assessment as it ever was, and such an assessment as 278d makes the basis for the new six year limitation. 277a (3) and 278d of the Act of 1926, are but a clarifying re-enactment of 277a (2) and 278d of the Act of 1924, and should set at rest any doubt as to the original Congressional intent. I think the proof of claim is not barred and ought to be allowed if otherwise correct.

It might be further pointed out that it is familiar law that statutes of limitation may be altered before the statutory bar has become complete. See *Ogden* v. *Saunders*, 12 Wheat. 349; *Sturges* v. *Crowninshield*, 4 Wheat. 122. See also *Campbell* v. *Holt*, 115 U. S. 620, as to the extent to which the law-making body may alter the statute of limitations. In this case at the time of the passage of the Revenue Act of 1924 the taxing officials still had a period within which collection could be made. Under the Revenue Act of 1921 the bar of the statute was not complete and it is our opinion that under such circumstances Congress could and did intend to permit the Government to collect at any time within six years from the date of the assessment. That being our opinion, we must overrule our decision in the case of *Reliance Manufacturing Co.*, 7 B. T. A. 583.

It may be well to point out that the situation in the present case and in the *Reliance* case are substantially different from the situation involved in the case of *National Products Co.*, 7 B. T. A. 632, where we were considering a case in which the parties, by a consent in writing, had extended the time for collection to a date after the passage of the Revenue Act of 1924. In such a case it may be that we should recognize the agreement in its terms, and no more, and refuse to attach to it any additional period for collection contained in a statute not in existence at the time of the agreement. That, however, is not the case that we are deciding here.

Reviewed by the Board.

> *Order will be entered restoring the proceeding to the calendar for assignment for hearing in due course.*

TRUSSELL and PHILLIPS dissent.