CITY BAKING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10707. Promulgated February 7, 1928.

*Samuel B. Pack, Esq.*, for the petitioner.
*A. C. Baird, Esq.*, for the respondent.

594

OPINION.

MARQUETTE: The respondent questions the jurisdiction of the Board to hear and determine this proceeding, on the ground that the letter of August 12, 1925, notified the petitioner of the respondent's final determination of the deficiency in tax for the fiscal year ended January 31, 1920, and that this proceeding was not instituted within

60 days from the mailing of said letter. The petitioner contends that the respondent's final determination of a deficiency is evidenced by the letter of November 13, 1925, and that the filing of the petition herein was timely. It also alleges that collection of the deficiency was barred by the statute of limitations prior to the enactment of the Revenue Act of 1926, and that the liability is extinguished by section 1106 of that Act.

The hearing had was only as to the two issues mentioned, it being agreed that in the event that we hold that we have jurisdiction of the case and decide the issue relative to the statute of limitations adversely to the petitioner, a further hearing will be granted as to the other issues raised by the pleadings.

We are satisfied from the evidence that the Board has jurisdiction of this case. After the letter of August 12, 1925, was mailed to the petitioner, the respondent entertained a protest against the determination set forth in that letter, and granted a hearing on and received and considered evidence in support of said protest. On November 13, 1925, the respondent, by letter, notified the petitioner of his decision on the protest and the petition herein was filed within 60 days from that date. We are of the opinion that the letter of November 13, 1925, was a final determination of the petitioner's income and profits taxes for the fiscal year ended January 31, 1920, from which it had the right to appeal to this Board, and that we have jurisdiction of this proceeding. *Appeal of J. S. Hoskins Lumber Co.*, 3 B. T. A. 846; *Appeal of Elizabeth W. Stranahan et al.*, 4 B. T. A. 1141, and section 283(f) of the Revenue Act of 1926.

Our decision on the other issue raised must be in favor of the respondent. In the recent case of *Art Metal Works* v. *Commissioner*, 9 B. T. A. 491, we held, overruling *Reliance Manufacturing Co.* v. *Commissioner*, 7 B. T. A. 583, that where an assessment of tax was made within the five-year period of limitation provided by section 250(d) of the Revenue Act of 1921, and the Revenue Act of 1924, was enacted prior to the expiration of that five-year period, the respondent has six years from the date of the assessment to begin a suit or other proceeding for the collection of such tax under section 278(d) of the Revenue Act of 1924. The facts of this case bring it squarely within the purview of the decision in *Art Metal Works* v. *Commissioner*. The petitioner's income and profits-tax return for the fiscal year ended January 31, 1920, was filed on April 14, 1920, and the additional tax in question was assessed on January 7, 1921. The five-year period of limitation provided by section 250(d) of the Revenue Act of 1921 had not expired on June 2, 1924, the date the Revenue Act of 1924 was enacted. It therefore follows that the period of limitation on collection of the additional tax by suit or

other proceeding was extended by section 278(d) of the Revenue Act of 1924 to six years from the date of assessment, to wit, to June 7, 1927. The bar of the statute of limitations had, therefore, not run at the date of the enactment of the Revenue Act of 1926, and the additional tax is not affected by section 1106 of that Act as contended by the petitioner. On the other hand, the respondent's final determination having been made and this proceeding having been begun prior to January 7, 1927, to wit on January 7, 1926, the period within which collection may be made is further extended by section 277 of the Revenue Act of 1924.

> *Order will be entered restoring the proceeding to the calendar for assignment for hearing in due course.*