C. B. SHAFFER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9872.    Promulgated June 1, 1928.

*Carl Meyer, Esq.*, and *Herbert G. Mayer, Esq.*, for the petitioner. *James L. Backstrom, Esq.*, for the respondent.

FINDINGS OF FACT AND OPINION.

SIEFKIN: This is a proceeding for the redetermination of a deficiency in income taxes for the year 1917 in the amount of $351,-

493.14. Hearing was had upon the question of the statute of limitations. Petitioner submitted his case upon that issue upon the pleadings and upon certain evidence introduced by respondent and agreed to by both parties.

Petitioner, a resident of Chicago, Ill., filed his income-tax return for the calendar year 1917 on April 29, 1918, on the form required by the Revenue Act of 1917. Under date of January 15, 1923, petitioner signed an instrument extending the period for determination, assessment and collection of 1917 taxes irrespective of any period of limitations as follows:

### INCOME AND PROFITS TAX WAIVER

In pursuance of the provisions of subdivision (d) of section 250 of the Revenue Act of 1921, C. B. Shaffer of Chicago, Ill., and the Commissioner of Internal Revenue, hereby consent to a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of the said C. B. Shaffer for the years 1917 under the Revenue Act of 1921, or under prior income, excess-profits, or war-profits tax Acts, or under Section 38 of the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, irrespective of any period of limitations.

C. B. SHAFFER

*Taxpayer*

By

D. H. BLAIR

*Commissioner A. H. F.*

January 19, 1923.

On March 5, 1924, the Commissioner of Internal Revenue made a jeopardy assessment in the sum of $351,493.14, without compliance with section 250 (d) of the Revenue Act of 1921. A claim in abatement was filed by petitioner on March 8, 1924, which was denied November 2, 1925. This proceeding was duly taken on December 15, 1925. On March 19, 1924, petitioner executed and filed with the collector of internal revenue, first district of Illinois, the following instrument:

KNOW ALL MEN BY THESE PRESENTS that C. B. SHAFFER, as principal, and —————— and —————— as surety, are held and firmly bound unto the Collector of Internal Revenue, First District of Illinois, in the sum of Four Hundred Sixty Eight Thousand Six Hundred Fifty Seven and 52/100 Dollars ($468,657.52) lawful money of the United States, for the payment whereof we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, the above bounden principal has been assessed by the Commissioner of Internal Revenue Three Hundred Fifty One Thousand Four Hundred Ninety Three and 14/100 ($351,493.14) Dollars, as taxes, penalties and interest under the Internal Revenue Laws, on the —————— List; and

WHEREAS, the above bounden principal has filed, or is about to file a claim for abatement or credit, or tender an offer in compromise, in order to be relieved of the taxes and penalties assessed, or desires to settle the obligation

by the payment of —— per —— until the entire amount due at time of final payment is cancelled; and

WHEREAS, the Revenue Act of 1917 and Revenue Act of 1918 and Revenue Act of 1921 and the rules and regulations prescribed for the enforcement of the provisions of the said acts provide that when the collection of such tax shall be delayed or suspended by the filing of a claim for abatement or credit or the tendering of an offer in compromise, or in any other manner, at the request of the taxpayer, the Collector of Internal Revenue may require the filing of a bond in sufficient sum to cover the amount of the tax plus penalty and interest thereon with sureties satisfactory to the Collector conditioned for the payment of such tax found due plus penalty and interest and it appears that the amount of this bond is in excess of tax plus penalty and interest thereon.

Now, THEREFORE, the condition of the foregoing obligation is such that if the principal shall on notice and demand by the Collector of Internal Revenue duly pay such tax found by the Commissioner to be due, plus any penalty and interest at the rate prescribed by law from the time such tax would have been due had there been no such claim for abatement or credit filed or offer in compromise tendered, and shall otherwise well and truly perform and observe all the provisions of law and the regulations, then this obligation is to be void, but otherwise to remain in full force and virtue.

WITNESS our hands and seals this 19th day of MARCH 1924.

Signed, sealed and delivered in the presence of     C. B. SHAFFER    (L. S.)

                                          ———————————    (L. S.)

C. E. Lenirt                                   principal
     Witness

Bond approved this 15 day of March 1924        ———————————    (L. S.)

                                            ———————————    Address

                                          Surety

MABEL T. REINECKE
     *Collector of Internal Revenue*

The above admitted facts bring this proceeding squarely within our decision in *Wirt Franklin*, 7 B. T. A. 636; *Wirt Franklin*, 8 B. T. A. 977; and *Henry M. Leland*, 8 B. T. A. 974, where we held that the deficiencies were barred, unless the instrument last set forth, as urged by respondent, has the effect of a " consent in writing " which permits assessment and collection.

The taxes asserted are for the year 1917 and, except as the bond may extend the time, are barred from collection under section 250 (d) of the Revenue Act of 1921. See *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346.

It becomes necessary, in our view of the case, to consider two questions in arriving at the answer. First, is the " bond " a " consent " in writing between the taxpayer and the Commissioner of Internal Revenue? Second, if it is not, have we, in this proceeding, power to consider the bond to the extent that we determine the rights of the parties under it?

We find it impossible to say that the bond satisfied the requirement of the statute, which reads, so far as material here:

\* \* \* The amount of any such taxes due under any return made \* \* \* under prior income, excess-profits or war-profits tax Acts, \* \* \* shall be determined and assessed within five years· after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment and collection of the tax; and no suit or proceeding for the collection of any such taxes due under \* \* \* prior income, excess-profits or war-profits tax Acts, \* \* \* shall be begun, after the expiration of five years after the date when such return was filed, \* \*˙ \* (Section 250 (d), Revenue Act of 1921).

Sections 2 (7) and 2 (8) of the same Act are as follows:

SEC. 2. That when used in this Act—

(7) The term " Commissioner " means the Commissioner of Internal Revenue;

(8) The term " collector " means collector of internal revenue.

The bond given in this proceeding does not purport to consent to a later determination and assessment, since assessment had already been made and was the occasion for the claim in abatement and the bond. Nor does it contain language which indicates any such intention. Nor is the instrument signed by the " Commissioner," recognized by the statute as different from the " collector " who signed it. We can not escape the conclusion that the instrument is what it says it is, a bond, given to the collector of internal revenue to indemnify that collector if she should not be able to collect any amount held to be legally due and payable. Collectors of internal revenue receive from the Commissioner of Internal Revenue assessment lists against taxpayers in their districts. Upon the receipt of such a list, the collector becomes liable, personally, for the collection of the taxes shown. To emphasize that personal responsibility, the United States requires of each collector of internal revenue a bond, running to the United States, conditioned (in part) upon collection of the taxes shown upon the assessment lists received. If the taxes are uncollectible the collector may make a claim for credit of such amount and the approval of such claim relieves the collector of personal responsibility. Where a person who has paid a tax sues the collector who collected it for recovery, the right of action is not founded on statute but is a common law action for money had and received. See *Emery Bird Thayer Realty Co.* v. *United States,* 237 U. S. 28. A judgment rendered in such an action against the collector is a personal liability unless and until the court enters an order of probable cause, which permits payment of the judgment out of the United States Treasury. When the relation of the collector to the scheme of Federal taxation is kept in mind, it seems clear that the bond in this proceeding was taken by the collector to protect against personal responsibility, and was her own private affair. This is emphasized by the fact that such a bond is not prescribed by any statute and the taking of such a bond, the adoption of some other

form of security or the immediate collection of the tax asserted were all within the discretion of the collector. We conclude that not only the instrument itself, but also the conditions under which it was given show that the bond is not a " consent in writing " prescribed by section 250 (d) as authority for extending the five year statute of limitations.

The second question must then be answered. If the bond is not a consent in writing extending the time for determination, assessment and collection of the tax, has this Board jurisdiction to consider it in any other manner? The suggestion that we should consider it in this proceeding comes, not directly but inferentially, from the language of two courts—the Circuit Court of Appeals for the Fifth Circuit in *Gray Motor Co.* v. *United States*, 16 Fed. (2d) 367, and the District Court for the District of Wyoming in *United States* v. *Onken Brothers Co.* 23 Fed. (2d) 367. Both cases were suits at law by the United States against principal and sureties on bonds given to the collector in connection with claims for abatement, as here. In each case the defendants raised the defense of the statute of limitations contained in section 250 (d) of the Revenue Act of 1921, cited above. In the *Gray* case the court said:

Extended discussion and citation of authority are unnecessary to sustain the ruling of the District Court. The suit was on a bond, the condition of which had been clearly breached.

By giving bonds *the company postponed payment of the amount admitted to be due by the return and secured immunity from distraint of its assets.* To contest the amount of tax found to be due by the commissioner in this proceeding would be to permit a collateral attack upon the assessment, something not countenanced by the law.

If the company desired to dispute the assessment the way was open by paying the tax and taking the proper steps to recover it back.

In any aspect of the case the plea of limitation is without merit. Had no bond been given and the suit had been merely to collect the tax, it would have been timely as it was brought within five years after the return was filed. Sections 277, 1009, Revenue Act of 1924. No other statute of limitation is relied on. (Italics supplied.)

And in the *Onken* case it was said:

Defendants chiefly rely upon the construction of that statute as laid down in the case of *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346 [par. 7102, herein], which holds that the statute applies alike to a suit in court or to a proceeding by distraint after the lapse of the five-year period. *Were this a suit on the part of the government to collect the tax, or were it a proceeding to enforce collection by distraint, the case would undoubtedly be controlling. This is a suit upon a bond* given to the plaintiff for the purpose of suspending further action or proceeding for the collection of the tax until the claim for abatement could be passed upon.

In the opinion of this court the *bond is a separate and distinct agreement representing voluntary action on the part of the government and the defendant against whom the tax was sought to be collected, which superseded and took*

*the place of their rights and privileges under the revenue law limitation.*
Under that law the government after the first assessment of the tax could have
sought collection by court procedure or by distraint. If it did not do so for a
period of five years after the return was filed, the defendant was entitled to
assert his rights guaranteed him by the statute of limitations. *Through the
promise and agreement represented by the bond, the rights of the parties under
the revenue law were postponed and incorporated in the bond* which straight-
forwardly on its face insures the payment of the tax *which may be subsequently
determined* in a consideration of the claim for abatement, and without mention
of the time when such determination should be made. *Under such a situation
the only limitation to apply would be the limitation governing suits upon bonds
of this character, which is not the point involved here.* (Italics supplied.)

The language in those cases, it is argued, indicates that the bond
may operate as a stay of collection in an action to determine the
liability here. It should be noted, however, that in the *Gray* case
the court states that the suit was brought within five years after the
return was filed and for that reason the decision is not authority for
saying that the bond extends the collection period. In the *Onken*
case the court clearly distinguishes an action looking toward collec-
tion of the tax and one on the bond. As to the former it is said:

Were this a suit on the part of the government to collect the tax, or were it a
proceeding to enforce collection by distraint, the case [*Bowers* v. *New York &
Albany Lighterage Co.*] would undoubtedly be controlling. This is a suit upon
a bond * * *.

Notwithstanding this distinction the court then says:

* * * The bond * * * superseded and took the place of their rights
and privileges under the revenue law limitation.

and

Through the promise and agreement represented by the bond, the rights of
the parties under the revenue law were postponed and incorporated in the
bond * * *.

and

Under such a situation the *only* limitation to apply would be the limitation
governing suits upon bonds of this character, which is not the point involved
here. (Italics supplied.)

In the recent case of *McCaughn* v. *Philadelphia Barge Co.*, 27
Fed. (2d) 628, decided by the United States District Court for the
Eastern District of Pennsylvania, the court did not deem it necessary
to decide whether the giving of the bond was a waiver of the limita-
tion as to the original liability, but said:

However, as soon as the bond was executed, the taxpayer assumed a second
and entirely distinct obligation and became subject to a new and entirely dif-
ferent kind of liability. There was a surety but the taxpayer was the party
primarily bound. The new liability was voluntary and contractual. It was in
form a direct and primary obligation, not to pay a tax, but to pay the sum
of $12,635 defeasible only upon payment by the taxpayer of a certain amount to

be fixed by subsequent action of the Commissioner. No limitation was put upon the time within which the Commissioner was required to act in fixing such sum. Inasmuch as the Collector had the right to proceed immediately for the collection of the tax, it follows that he also had the right to require, as the price of forbearance for such action, a general promise to pay such amount as might be found due at any time, either before or after the expiration of the statutory period. This was unquestionably the intent and understanding of the parties. The taxpayer's promise is under seal and in addition is based upon ample consideration. If the Collector had proceeded by distraint as he had the right to do, the taxpayer's only course would have been to pay the tax and then to have sued for a recovery of the money. . The giving of the bond and the withholding of proceedings relieved him of that necessity.

This view of the case makes it unnecessary to determine whether the giving of the bond wholly relieved the taxpayer from his original tax liability, was in substitution for it, or whether two liabilities continued to subsist together and, if so, whether the giving of the bond was a waiver of the limitation as to the original liability. These questions would arise if the Collector were proceeding by distraint or were otherwise pursuing a remedy given by the statute for the collection of taxes. So far as this suit is concerned, the expiration of the statutory period allowed for proceedings to collect tax does not constitute a defense.

The reasoning of the court emphasizes our belief that in that case, the *Gray* case and the *Onken* case, the issue was not the broader issue as to the tax liability, but related to a new and entirely different kind of liability.

This proceeding is before this Board as the result of a determination of a deficiency by the Commissioner of Internal Revenue and is here because the statute permits a petition to be filed within 60 days from such determination. Our duty, in such a proceeding, is to redetermine the deficiency and is limited by the statute. The present question is whether, in carrying out that duty expressly conferred and expressly limited, we can consider and determine the liability of the parties to the bond. It happens that the bond in this proceeding is not signed by sureties but by the taxpayer alone. Suppose, however, it had been signed by sureties. The proceeding before us is between the taxpayer and the Commissioner of Internal Revenue. In such a proceeding, to which the sureties would not be parties, could we make such a determination of the liability on the bond as to bind them? We believe not. Suit upon a bond is one of the oldest forms of action and we know of no rule of law which would, or could, deny to persons alleged to be liable upon a bond their day in court before a binding judgment could be entered against them. Here we have no provision for making such sureties parties. In the *Gray* case and the *Onken* case they were made parties and we believe that the language in those cases must be considered only as it applies to such cases, i. e., where suit is on the bond and the sureties are made parties defendant.

It has been suggested by the respondent but not adequately briefed or argued, that the action of the parties with respect to the claim in

abatement and the bond may result in the tolling of the statute, either as a new promise or acknowledgment of the debt or so as to create an estoppel of the petitioner. An examination of authorities discloses that a new promise tolls the statute of limitations only in a small and definitely limited class of cases, those based on assumpsit, and a considerable search fails to show a single case of a tax liability so affected, and we must conclude that a liability created by statute is not so tolled. Nor do we see the necessary elements of an estoppel. We are led to the conclusion that the actions of the parties did not prevent the running of the statute of limitations. We may question whether, even if such actions were clear, they could so operate, in view of the method prescribed by Congress in the Revenue Act of 1921, of a consent in writing by both the Commissioner and the taxpayer, but upon the facts here we do not find it necessary to so decide. We conclude that the collection of the deficiency in this proceeding is barred. We specifically do not decide any question as to the liability on the bond.

Reviewed by the Board.

*Judgment of no deficiency will be entered.*

MILLIKEN did not participate.

LITTLETON and TRUSSELL dissent.