GULF STATES STEEL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9276, 18358, 18359. Promulgated July 10, 1928.

*John Drye, Jr., Esq.*, and *Stewart M. Seymour, Esq.*, for the petitioner.

*James A. O'Callaghan, Esq.*, and *W. H. Lawder, Esq.*, for the respondent.

1248

## OPINION.

GREEN: The petitioner raises the question of the statute of limitations and contends that the respondent is now barred by statute from collecting any portion of the additional tax of $153,815.30 assessed by him in April, 1921.

The respondent contends that at all times he has been fully protected by means of the several bonds which were executed and filed with the collector. He argues that the petitioner is estopped from pleading the statute of limitations and that the effect of the bonds was to waive any limitations provided for by statute. He points out that the words *determination, assessment and collection* in the phrase " unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment and collection of the tax " contained in section 250(d) of the Revenue Act of 1921 are in the *conjunctive* and not the disjunctive; that since both the determination and assessment were already made on November 23, 1921, the date of the passage of the 1921 Act, the parties could not have consented to a *later* determination and assessment thereof; that the Act did not provide for a waiver as to collection only; and that, therefore, the Commissioner was legally justified in accepting through the collector *any* form of waiver recognized by law. He further contends that even if the Act be held to provide for a waiver as to collection where the determination and assessment had already been made the words " consent in writing " did not contemplate that both parties actually sign the consent and that the filing of the first bond 15 days prior to the expiration of the 5-year period for collection operated to completely satisfy the statute requiring that " both the Commissioner and the taxpayer " should " consent in writing " if the tax were to be collected after 5 years from the date of filing the returns.

Prior to the passage of the Revenue Act of 1918 there was no limitation upon the right of the Government to sue for and recover unpaid taxes. *Dollar Savings Bank* v. *United States*, 19 Wall. 227. Section 250(d) of that Act provided for the first time that:

Except in the case of a false or fraudulent return with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made.   *   *   *

The 1918 Act did not provide for any waiver of the time within which the amount of tax due could be determined, assessed and collected. In the case of false or fraudulent returns, the tax could be determined and collected " at any time after it becomes due."

# 1250

Upon the passage of the Revenue Act of 1921, Congress provided in section 250(d) that the amount of any income, excess-profits or war-profits taxes due for any of the taxable years under any of the prior acts—

shall be determined and assessed within five years after the return was filed, *unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax;* and no suit or proceeding for the collection of any such taxes * * * shall be begun, after the expiration of five years after the date when such return was filed * * *. (Italics ours.)

The only other exceptions to the running of the statute of limitations contained in section 250(d) of the 1921 Act, none of which the respondent contends are applicable here, are (1) in the case of false or fraudulent returns with intent to evade taxes, (2) failure to file the required return, (3) cases coming within the scope of paragraph (9) of subdivision (a) of section 214 or paragraph (8) of subdivision (a) of section 234, or (4) cases of final settlement of losses contingently allowed by the Commissioner pending a determination of the exact amount deductible.

No part of the additional tax of $153,815.30 assessed in April, 1921, has as yet been collected. Substantially the same provisions regarding a consent in writing as to a later determination, assessment and collection of prior-year taxes as contained in section 250(d) of the Revenue Act of 1921 are contained in section 278(c) of the Revenue Acts of 1924 and 1926.

Since the respondent does not contend that any of the other exceptions to the running of the statute contained in section 250(d) of the Revenue Act of 1921 are applicable and since more than five years have expired from the filing of the return on March 28, 1918, he can justify collection only upon one of two grounds: (1) that he and the petitioner have consented in writing to a later determination, assessment and collection of the tax, or (2) that the effect of the bonds was such as to abrogate the limitation provision contained in the statute. No " consent in writing " *as such* has been signed. Upon this the parties agree. The respondent, therefore, fails on his first ground unless the bonds can be construed to satisfy this provision. The effect of filing a bond was thoroughly considered by us in *C. B. Shaffer* v. *Commissioner*, 12 B. T. A. 298, promulgated June 1, 1928, wherein the facts were substantially on all fours with the facts in the instant case. In that case we said:

* * * We conclude that not only the instrument itself, but also the conditions under which it was given show that the bond is not a " consent in writing " prescribed by section 250(d) as authority for extending the five year statute of limitations.

In addition to what we said in the *Shaffer* case, we might add that there is no express reference to the statute of limitations in any of

the bonds involved herein. The respondent in effect would have us hold that by giving the bonds the petitioner impliedly intended to waive the statute with respect to collection. Such a contention might merit serious consideration were it not for the fact that from September 11, 1922, the date of publication of I. T. 1446 (C. B. I-2, p. 218), until February 21, 1927, the date *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346, was decided the respondent believed that if he *assessed* the taxes within the 5-year period the collector could collect them by means of distraint at any time.

There is no evidence in the record that on March 13, 1923, the date the first bond was given, or any other date, the petitioner was anything but solvent and able to pay all the additional tax assessed. If on March 13, 1923, 15 days prior to the expiration of the 5-year period, it was believed that the collection by distraint could be made at any time, what limitation was there for the petitioner, a solvent person, to waive? None except collection by suit, as was said in the *Bowers* v. *New York & Albany Lighterage Co.* case, *supra*, "in fact, distraint is much more frequently resorted to than is suit for the collection of taxes." Under such circumstances, we can not hold that there was an intent to waive the statute implied in the bonds when the expression of such an intent was lacking or that there has been established any basis for the application of the doctrine of estoppel. Neither do we think it material that prior to the passage of the 1921 Act the Commissioner had already assessed the proposed additional tax. He did not make a final determination until May 12, 1926, the date he proposed to reject the abatement claim. We think a valid consent in writing could have been entered into by the petitioner and the Commissioner to a later determination and collection of the tax, the assessment having already been made. Cf. *United States* v. *John Barth Co.*, 27 Fed. (2d) 782. In view, however, of section 612 of the Revenue Act of 1928 repealing section 1106(a) of the 1926 Act as of February 26, 1926, we do not regard this case as authority for anything more than the rule that a bond can not be considered as a waiver of the statute of limitations.

None of the bonds in the instant case can be said to constitute a consent in writing by both the Commissioner and the taxpayer to a later determination, assessment and collection of the tax in question, and no other exception to the running of the statute of limitations provided in any of the Acts being present, and no suit or proceeding for the collection of the tax having been begun prior to the expiration of 5 years from the date of filing the return, and the 5-year period having expired prior to the passage of the Revenue Act of 1924, we hold that the respondent is now barred by statute from collecting any part of the additional assessment made in April, 1921, and that there is no deficiency for the year 1917. *Bowers* v.

*New York & Albany Lighterage Co., supra; C. B. Shaffer v. Commissioner, supra; United States v. John Barth Co. supra; Art Metal Works v. Commissioner*, 9 B. T. A. 491. Our decision in this respect in no wise disposes of any questions arising as to liability on the bond.

In view of our conclusions in the foregoing opinion it does not become necessary to consider the third issue relating to invested capital for 1917. Issues 1 and 2 were disposed of by stipulation.

There is no deficiency for the year 1917. The deficiencies for 1918, 1919, and 1920, will be redetermined in accordance with the stipulation of the parties.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*

MILLIKEN dissents.