*689 OPINION.
Phillips:
The petitioner, McBryde Sugar Co., Ltd., is sustained in its contention that assessment and collection of the additional taxes asserted against it for 1918 and 1919 are barred by the period of limitations prescribed by statute. New York & Albany Lighterage Co. v. Bowers, 273 U. S. 346. The respondent seeks to avoid the effect of this decision upon the ground that this petitioner filed a separate return when it should have filed a consolidated return with the Kauai Railway Co., Ltd. This is untenable. Mabel Elevator Co., 2 B. T. A. 517; United States v. Mabel Elevator Co., 17 Fed. (2d) 605.
The contention of the petitioner, Kauai Railway Co., Ltd., that collection of the taxes assessed in January, 1924, is barred by statute must be denied upon authority of our decision in Art Metal Works, 9 B. T. A. 491.
The petitioner, Kauai Railway Co., Ltd., asserts that the Commissioner has asserted against it more than its proper proportion of the total tax determined as due from the affiliated group of which it *690 was a member. It appears that before the Commissioner determined that this petitioner was one of an affiliated group, he had determined its tax liability upon the basis of its separate return and assessed tax accordingly. When it was determined that affiliation existed no change was made in the amount of this petitioner’s tax liability, although the effect of the ruling was to reduce its tax if the total tax of the affiliated group ivas apportioned among the members of the group on the basis of their net income, as provided in section 240(a), Revenue Act of 1918. DTo other basis for an apportionment of the tax existed. The liability of this petitioner for 1918 taxes should be recomputed on that basis, after adjusting its income and the income of the affiliated group in accordance with this decision. Cincinnati Mining Co., 8 B. T. A. 79.
We are of the opinion that the amounts by which petitioner railway company was reimbursed for warehouses erected on its right of way do not constitute taxable income to it. The record discloses that this was done more as a matter of convenience to the shippers than for the benefit of this petitioner. See Edwards v. Cuba R. R. Co., 268 U. S. 628; Liberty Light & Power Co., 4 B. T. A. 155; Aransas Compress Co., 8 B. T. A. 155; Great Northern Ry. Co., 8 B. T. A. 225. Proper adjustment should be made in the consolidated income and in the net income of the taxpayer.
The Commissioner has confessed error in disallowing $9,980.12 of the amount claimed in 1920 as a deduction for territorial income taxes accrued in that year. The deficiencies should be recomputed accordingly.

Decision will be entered under Rule 50.