C. S. HODGES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19083. Promulgated December 10, 1928.

*Robert P. Smith, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

TRUSSELL: By an amended petition filed shortly before the trial of this action, the petitioner waived all claims of error except that the statute of limitations had run against the collection of any alleged deficiency for the calendar year 1918 and that a certain instrument headed " Income and Profits Tax Waiver" executed September 12, 1925, had been made under duress and was, therefore, ineffective and void. Upon the question of duress we have examined with some care the arguments of counsel and the decisions cited for the petitioner, and we have arrived at the opinion that these precedents and none of them are decisive of the issue in this case.

During all the time from October, 1919, to June, 1926, there was pending in the office of the Commissioner a claim for the abatement of part or all of an assessment of additional taxes against the petitioner in the amount of $80,049.75. On August 27, 1925, a deputy collector called upon and exhibited to the petitioner a warrant of distraint for the collection of said additional assessment of $80,-049.75, plus interest aggregating $112,067.65. The deputy did not then make a levy under said warrant but returned to his superior officer with a memorandum signed by the petitioner, and set forth

in the findings of fact, which in substance expressed the wish of the petitioner that the warrant be not served until the final result of a protest then pending in the office of the Commissioner. On the following September 8 the collector addressed a letter to the petitioner advising him that the six-year period of limitation for collecting the tax would expire on September 3, 1925, and inviting the petitioner to sign a waiver extending the time for collection, and such waiver is the instrument dated September 12, 1925, which the petitioner now claims to have been executed and delivered under duress.

It appears from the findings of fact that the petitioner then on September 12, 1925, fully understood his rights respecting the matter of the service of the warrant of distraint; that he then believed that the final determination of the Commissioner upon his claim for abatement would furnish him with some relief and that he was then desirous of postponing the collection of the tax until the Commissioner had finally acted upon such claim; and that he signed the instrument of September 12, 1925, for the purpose of securing a postponement of enforced collection and that the consideration for the signing and delivery of said instrument was the granting of an extension of time by the collector, and that by reason of having made such arrangements with the collector the enforced collection of the tax was postponed. The Commissioner later acted upon the claim for abatement and granted relief to the extent of the difference between the $80,049.75 and $28,079.85. In view of these facts we are of the opinion that the instrument of September 12, 1925, was executed and delivered by the petitioner with a full understanding of his then rights and remedies in respect to the collection of the amount then claimed to be owing by him, and that in consideration of the execution and delivery of said instrument he received such immediate relief as could flow from the making of such an instrument, and we are of the opinion that these facts can not be interpreted to sustain the petitioner's claim that the said instrument was executed under duress and that the said instrument must be held to be a lawful agreement and effective according to its terms.

Section 250(d) of the Revenue Act of 1918 provides that, except in the case of fraud, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of said five years.

Petitioner's return was duly filed on April 15, 1919, and the five-year period expired on April 15, 1924. However, section 250(d) of the Revenue Act of 1921 provides that the said five-year period

may be extended if both the Commissioner and taxpayer consent in writing to a later determination, assessment and collection of the tax. The waiver or consent duly executed on December 10, 1923, extended the period of limitations until December 10, 1924.

On June 2, 1924, within the period of limitations as extended, the Revenue Act of 1924 was enacted. Section 280 of that Act provides that taxes for prior years shall be computed under the proper prior acts but shall be assessed and collected in accordance with the provisions of the 1924 Act. Section 278(d) of the Revenue Act of 1924 provides that where the assessment of the tax is made within the period prescribed in section 277 (within five years as to taxes for the year 1918) such tax may be collected by distraint or proceeding in court begun within six years after the assessment of the tax.

In the case at bar the assessment was made on September 23, 1919. Within six years therefrom and on September 12, 1925, the petitioner and the Commissioner consented in writing to an extension of the six-year collection period until December 31, 1926.

On June 4, 1926, the Commissioner completed his consideration of the petitioner's claim for abatement and made a readjustment of petitioner's tax liability reducing the alleged additional tax from the amount of $80,049.75 to $28,079.85, notice of which adjustment was served upon the petitioner on June 10, 1926. Petitioner then filed an appeal with this Board on August 3, 1926. This appeal was made pursuant to the provisions of sections 274 and 283 of the Revenue Act of 1926, and section 274(a), providing for appeals to this Board, contains the following provision:

* * * Except as otherwise provided * * * no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final.

The final action of the Commissioner upon petitioner's claim for abatement and the petitioner's appeal to this Board all occurred during the extended period for collection of the tax agreed to in the instrument of waiver made September 12, 1925, and the petitioner's appeal to this Board immediately had the effect of setting into operation the above-quoted provision of section 274(a) of the Revenue Act of 1926, which automatically suspended any further proceedings in respect to the enforcement of petitioner's tax liability for the year 1918 until such time as the decision of the Board upon the appeal became final and for 60 days thereafter.

In view of all of this record, we are compelled to conclude that the Commissioner's final action and determination upon petitioner's claim for abatement and the Commissioner's notice thereof of June

4, 1926, were duly and lawfully made; that upon receipt of petitioner's appeal the Board acquired jurisdiction to redetermine the Commissioner's final action upon the asserted deficiency, and, following the rule of *Art Metal Works*, 9 B. T. A. 491, that the period within which collection of the amount finally redetermined may be made has not and will not expire until the Board's decision shall have become final and for 60 days thereafter.

*Judgment will be entered for the respondent.*