*157 OPINION.
Phillips:
Citizens of certain communities contributed land and cash to the petitioner to induce it to erect cotton compresses and *158 warehouses in such communities. Such facilities became public utilities, subject to regulation as such by the State. Those making the donations received no direct benefit, nor was any service to be performed for them by the petitioner.
In Edwards v. Cuba Railroad Co., 268 U. S. 628, the Supreme Court had a similar situation before it and determined that no income was received by the beneficiary of a Government subsidy. That case was stronger for the Government than was the present one, for there the Government obtained certain concessions in respect to Government transportation. Here no argument can be made that the payments to the corporation could be construed as advances for services to be rendered. Since both the railroad in that case and the petitioner in this are public utilities, bound to serve the public indiscriminately, the only possible distinction would appear to be that in the one case aid was extended by the Government and in the other from private sources. The Supreme Court in its opinion, however, indicates that no distinction is to be drawn between “such aids, gifts and grants from the Government, subordinate political subdivisions or private sources ”; in each case such subsidy payments are not made as mere gratuities but to advance the public benefit and do not constitute income.
In Appeal of Liberty Light & Power Co., 4 B. T. A. 155, the Board considered at some length a somewhat similar situation and there reached the conclusion that no taxable income was received. This case is governed by those cited.
Reviewed by the Board.

Decision will be entered on HO days'1 notice, under Rule 50.