WISCONSIN HYDRO-ELECTRIC CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9601.    Promulgated February 21, 1928.

*William A. Bradford, Esq.,* for the petitioner.
*Shelby S. Faulkner, Esq.,* for the respondent.

OPINION.

PHILLIPS: The facts with respect to the amounts paid petitioner to reimburse it for the extension of its lines were stipulated and our findings follow the stipulation. Under prior decisions of the Board following *Edwards* v. *Cuba Railroad Co.*, 268 U. S. 628, such amounts are not income. *Appeal of Liberty Light & Power Co.*, 4 B. T. A. 155; *Aransas Compress Co.* v. *Commissioner*, 8 B. T. A. 155; *Great Northern Railway Co.* v. *Commissioner*, 8 B. T. A. 225.

The action of the Commissioner in refusing to allow a loss on account of the scrapping of the power plant at Glenwood and the transmission line between Downing and Boyceville must be followed for several reasons. It is the contention of the Commissioner that the price paid for the property purchased from the Wisconsin-Minnesota Light & Power Co. was primarily paid for the franchise and local distribution lines of that company, that it was known at the time of purchase that the plant and the interurban transmission lines would be scrapped, and that consequently no part of the price paid is to be attributed to them. At the hearing the petitioner introduced a witness who testified that before the purchase was consummated he had made for petitioner an appraisal of the physical property to be acquired. This appraisal was based on replacement cost new at that time less an allowance for depreciation based upon the age of the property at that time. Upon this basis he had arrived at a valuation of $22,000 for all of the property. In this appraisal the steam plant was included at $2,500 and the 2,300-volt transmission line at $4,500. This appraisal was furnished to the president of the petitioner. The witness was not familiar with the negotiations leading up to the purchase.

There is nothing in the record which discloses the price paid by the petitioner either for all of the property purchased from the

Wisconsin-Minnesota Light & Power Co. or the basis on which the purchase price is properly to be distributed between the various classes of assets acquired. If we could assume, as petitioner appears to do, that $22,000 was paid for the assets purchased, it would still seem that the petitioner has not established the loss claimed. It acquired more than the physical properties, for it acquired the good-will and franchise of a going concern. It knew that it would scrap certain of the physical assets almost immediately after purchase. In such a case it seems illogical to assume that any substantial part of the purchase price should be attributed to the assets to be scrapped. The Commissioner's position that any amount ostensibly paid for such assets was in fact paid for the purpose of acquiring a good-will or franchise which could not otherwise be acquired seems much more reasonable. In the absence of any proof either of the amount paid for all of the assets, or of any proof which would permit the allocation of the total purchase price among the various assets acquired, the action of the respondent must be approved.

Moreover, with respect to the loss claimed upon the heating plant the testimony is so indefinite as to the year in which it was scrapped that it would not be possible to allocate it to either the year 1920 or 1921. Furthermore, the testimony with respect to the salvage value of the property taken out of the heating plant and stored is not at all satisfactory.

The adjustment made by respondent of invested capital by reason of the taxes of a prior year is in accordance with section 1207 of the Revenue Act of 1926. *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

*Decision will be entered under Rule 50.*