COLONY COAL & COKE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HAZARD COAL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 37973, 42263. Promulgated July 25, 1930.

*Lewis A. Nuckols, Esq., Ward Loveless, Esq.,* and *F. O. Graves, Esq.,* for the petitioners.

*Lloyd W. Creason, Esq.,* for the respondent.

332

LANSDON: We must first decide whether the payments of $22,666.67 made by each of the coal companies to the railroad companies were capital or business expenditures. The petitioners contend that they were business expenditures, inasmuch as they were made in settlement of a disputed claim, and, further, that no capital asset was acquired by them as a result.

The record shows that these coal companies entered into a contract with the railroad company wherein they agreed, among other things, that if the latter would build the 6.2 miles of track to their mines they would pay all costs of such building in excess of $200,000, and that these payments were made, as shown by the receipts, in final adjustment of all claims in anywise growing out of such construction. It also shows that the building of this road was a part of the coal companies' plans to develop their properties and that all of their leases contained conditions which depended upon it. Under these leases the tenants were not required to begin work of development of the mines until after " actual construction " of the railroad had begun, and, unless begun within 12 months, they had the option of terminating them upon written notice. The rentals to be paid after the first year of the leases were limited to minimums which were binding upon the tenants only after the completion of the road. All of these facts are pointed out to the railroad company by the coal companies in their proposal of November 5, 1917, which formed the basis of their contract. No analysis of this contract is necessary other than to say that it was entered into for the sole purpose of

making available to the petitioners' properties railroad facilities for marketing their coal. The building of this road brought to their mines these facilities which made good their leases and added to the value of their properties, regardless as to who owned it when built. It constituted, then, an increment which increased the value of their income-producing capital assets. Under very similar conditions the United States Circuit Court of Appeals for the Fourth Circuit, in the recent case of *Gauley Mountain Coal Co.* v. *Commissioner*, reported in 23 Fed. (2d) 575, held that payments made by the taxpayer to a railroad company for the building of four miles of track to its mines constituted invested capital within the meaning of the taxing statute. In that case, as in the case at bar, it was argued that since the railroad company owned the road when built, the taxpayer acquired nothing of a permanent value which it could take up in its invested capital. The court, however, said in answer to this objection:

* * * Before the branch line was built, the mines of the taxpayer were 4 miles away from a line of railroad, and for that reason could not be operated profitably. As a result of its construction, and the railroad connection thereby acquired, the facilities of a great railway system have been brought to the mines of the company, and this has done away with the necessity of transporting the coal to the line of the railroad.

The taxpayer has acquired property of permanent value in the same sense as does a manufacturing corporation which pays a railroad company to build an industrial siding to its plant, or a land development company which pays a bonus to a street railway company to build a line through its property. Whether the rights acquired as a result of the railroad connection obtained are to be defined as tangible or intangible property, it is not necessary to inquire. Intangible property, which enables a taxpayer to save or earn money, is as legitimate a form of capital investment as tangible property. * * *

Upon authority of this decision we must here hold that the payments made to the railroad company by these petitioners were capital expenditures and the action of the respondent in respect thereto is sustained. Compare also *Edwards* v. *Cuba Ry. Co.*, 268 U. S. 628.

*Judgment will be entered under Rule 50.*