*Decision will be entered under Rule 50.*

H. T. ROBINSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

A. D. ROBINSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 62273, 62274. Promulgated May 7, 1937.

*George Bouchard, Esq.*, and *Joseph D. Brady, Esq.*, for the petitioners.

*I. Graff, Esq.*, for the respondent.

1083

OPINION.

ARNOLD: The petitioner contends that the amount of $170,439.93, representing the cost of the assets transferred to him by the subdividers in aid of construction, and thereafter transferred by him to the corporation together with other assets of the water company, for the bonds and stock of the corporation, was an expenditure properly chargeable to his capital account and should be included in his basis for determining loss or gain on the sale of said bonds and stock under section 202 (a) and (b). Petitioner further argues that these assets transferred to him in aid of construction constituted a gift to him and under section 204 (a) (2) of the Revenue Act of 1926 may be included in his basis at their cost to the transferors.

The respondent contends that the transfer of these assets by the subdividers to petitioner was for a valuable consideration and not a gratuitous transfer or gift within the meaning of the above cited

section of the statute and cites numerous cases to the effect that a gift must not have consideration. He further contends that petitioner acquired the water mains, pipe lines, and connections without cost to him, and, therefore, their cost should not be considered in determining gain or loss on the sale of the stock and bonds here in question.

Petitioner cites *Edwards* v. *Cuba Railroad Co.*, 268 U. S. 628, as controlling. That case does not answer the question we have to decide here. There, physical properties and money subsidies paid to the Cuba Railroad Co. by the Republic of Cuba were held not income to the donee within the meaning of the Sixteenth Amendment. In the opinion the Court said:

* * * Such aids, gifts and grants from the government, subordinate political subdivisions or private sources—whether of land, other property, credit or money—in order to induce construction and operation of railroads for the service of the public are not given as mere gratuities. *Burke* v. *Southern Pacific R. R. Co.*, 234 U. S. 669, 679, 34 S. Ct. 907, 58 L. Ed. 1527; *Louisville & Nashville R. R.* v. *United States*, decided March 2, 1925, 267 U. S. 395, 45 S. Ct. 233, 69 L. Ed. 678. * * * The subsidy payments taxed were not made for services rendered or to be rendered. They were not profits or gains from the use or operation of the railroad, and do not constitute income within the meaning of the Sixteenth Amendment. See *Stratton's Independence* v. *Howbert*, 231 U. S. 399, 415, 34 S. Ct. 136, 58 L. Ed. 285; *Eisner* v. *Macomber*, 252 U. S. 189, 207, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570; *Merchants' Loan & Trust Co.* v. *Smietanka*, supra.

The donations in aid of construction were treated by the Supreme Court as constituting reimbursement for capital expenditures. The Court pointed out that "Neither the laws nor the contracts indicate that the money subsidies were to be used for the payment of dividends, interest or anything else properly chargeable to or payable out of earnings or income." To the same effect is *Liberty Light & Power Co.*, 4 B. T. A. 155. See also *El Paso Electric Co.*, 10 B. T. A. 79; *Tampa Electric Co.*, 12 B. T. A. 1002; *Frank Holton & Co.*, 10 B. T. A. 1317.

The property in question was not given petitioner for services rendered or to be rendered to the subdividers. The service which petitioner was obligated to render was supplying water to the consumers in the subdivision, who paid the regular rates for water which obtained in that area. The property received represents the measure of cost of additional water mains and equipment which petitioner would have had to make in order to supply the subdivisions with water and is in the nature of reimbursement for construction costs. *Edwards* v. *Cuba Railroad Co.*, *supra*. It became a part of petitioner's water system which was operated as a unit and from which income was derived.

The respondent's argument that because a lessee is not entitled to claim depreciation on leased property, the petitioner is not entitled

to a basis on the property transferred to him, is not convincing. The lessee is held not entitled to depreciation because he does not own the property, but the petitioner became the owner of the property transferred to him by the subdividers and it was a part of the capital used in his business. Ownership and not possession is the test in determining whether assets used in business are subject to depreciation, and where the owner of property used in business has paid a consideration for it he is entitled through depreciation to recover the value of the consideration paid.

The respondent argues that the transfer of the pipe lines, water mains, etc., was not a gift to petitioner, but was for a valuable consideration. At the same time he contends that they cost him nothing. We do not think these positions are consistent. We think it clear that the transaction here was not a gift in the sense that it was a gratuity. *Burke* v. *Southern Pacific Railroad Co.*, 234 U. S. 669; *Louisville & Nashville Railroad* v. *United States*, 267 U. S. 395; *Edwards* v. *Cuba Railroad Co.*, *supra*. The "donors" did not intend to make such a gift to petitioner. The relationship of the parties negatives any such intent. Both were interested in the benefits they hoped to reap by the arrangements. There was, as argued by the respondent, valuable consideration flowing to the subdividers from petitioner for the transfer of the property here in question. The parties were dealing at arm's length. The subdividers needed water to enable them to promote the subdivisions and they agreed to pay the cost of installing all the necessary mains, pipes, and connections, and to transfer title to such property to the petitioner. The petitioner agreed to maintain the property and to furnish an adequate water supply to the subdivisions. This promise constituted consideration for the property received. These contracts under which the gifts or grants in aid were made were, we think, valid and enforceable. The grantors having performed could require the petitioner to do so or respond in damages.

There was, therefore, a mutual consideration between the parties and in the absence of any evidence to the contrary we assume that there was a *quid pro quo*, and that the obligation of petitioner was equal to the value of the property received. In other words, the consideration given by petitioner was reasonably worth what the subdividers paid for it. The parties themselves so considered it, or they would not have entered into the arrangements. That consideration was petitioner's enforceable promise to perform. The subdividers undoubtably hoped to recover the cost to them of the donations through the increased value of the property supplied with water.

The fair market value of the property transferred to petitioner in aid of construction was, when transferred to him, equal to its cost

or $170,439.93. This was the value of the consideration given by the subdividers and we think must be regarded as representing the value of the consideration given by petitioner or the cost basis of the property transferred in the hands of petitioner. The cost to petitioner of the water plant or assets transferred, exclusive of the donations in aid of construction was $35,751.93. This gives a total cost basis to petitioner of the assets transferred to the corporation for its stock and bonds of $206,191.86.

The statute is designed to tax the profit realized upon the sale or disposition of property and such profit is determined as the difference between the cost of the property and the amount so realized. A taxpayer is entitled to recover his cost as capital.

The consideration given by petitioner was his obligation under the contract to furnish an adequate supply of water to the subdivisions, which was executory and continuing. He is entitled to recover the value of this consideration. The expenditure made for any additional wells and for extending the water mains to the subdivisions has been capitalized and is included in the $35,751.93, allocated to the value of the assets transferred to the corporation, exclusive of the donations in aid of construction. The corporation took over the water plant as a going concern and the assets were transferred to it. It, therefore, assumed the executory obligation of petitioner under the contracts with the subdividers, and relieved petitioner of any further performance thereunder. Petitioner, therefore, received in exchange for the assets of the water system not only the stock and bonds of the corporation, but was relieved at that time of performance under the contract with the subdividers. This assumption of performance constituted a full recovery of the consideration given by him for the donations in aid of construction. Thereafter the only part of his cost not recovered was the $35,751.93. This he is entitled to recover upon the sale of the stock and bonds which he received in the exchange. The difference between this amount and the amount received on disposition of the stock and bonds constitutes capital gain and is subject to tax. The transaction was similar to a sale where the purchaser assumes a mortgage and relieves the seller of liability, cf. *Brons Hotels, Inc.*, 34 B. T. A. 376; *Hendler* v. *United States*, 17 Fed. Supp. 558. This reduced petitioner's cost basis to $35,751.93, which amount he is entitled to recover upon the sale of the stock and bonds received in exchange for the assets of the water company.

As to A. D. Robinson, we find there is no deficiency.

*Decision will be entered under Rule 50.*