HURD MILLWORK CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101956.  Promulgated June 24, 1941.

*Alden Losby*, *Esq.*, and *C. A. Bertelson*, *C. P. A.*, for the petitioner. *Gerald W. Brooks*, *Esq.*, for the respondent.

**OPINION.**

TYSON: As to the petitioner's delinquent taxes in excess of the $1,000 paid by petitioner in 1936, the mayor of Medford, testifying from recollection and with an evident lack of exact knowledge as to what actually had transpired, stated that such excess in the sum of $5,903.22 was charged back by Taylor County against the city of Medford, which, he presumed, was still paying such delinquent taxes out of the above mentioned $2,000 annual appropriations. However, the documentary evidence of record clearly establishes that Taylor County

"owned and held" the tax certificates covering petitioner's delinquent taxes; that the board of supervisors of that county, by formal action and in their official capacity, determined the value of such certificates to be $1,000 in 1936 subsequent to the fire, and accepted the $1,000 in cash offered by petitioner's president "in full payment of said certificates", which were sold and assigned to petitioner.

Accordingly, we conclude, and have found as a fact, that the petitioner's liability totaling $6,903.22 for delinquent taxes, penalties, and interest for years prior to 1936, was fully discharged in consideration of petitioner's payment of $1,000 on account thereof in 1936. At that time petitioner was solvent and its liability for delinquent taxes, which constituted one form of indebtedness incurred in the conduct of its business for profit, was canceled to the extent of $5,903.22 by its creditor, Taylor County. Such cancellation was in consideration of the payment of $1,000 of the indebtedness and the cancellation was not gratuitous nor a capital contribution to petitioner.

The amount of $6,336.30 of petitioner's delinquent taxes was accrued, but not paid, and deducted from income on its tax returns filed on the accrual basis for years prior to 1936. There is no showing that it did not thereby derive a tax benefit and we must assume that it did. Only $1,000 of such accrual was actually paid in 1936 and in the same year it became definitely certain that by reason of such payment, the surrender to petitioner of the delinquent tax certificates, and the release of the tax lien on its property, petitioner would never have to pay the balance in the sum of $5,336.30. The question then is, Did this latter amount constitute taxable income to petitioner in 1936, as contended by respondent?

In numerous prior cases where a taxpayer had been allowed a deduction for taxes, bad debts, losses, or expenses in the year in which paid and in a subsequent year the taxpayer, through refunds or collections, actually recovered all or a part of the amount theretofore deducted, it has been held that where the amount recovered had been previously deducted to offset income resulting in a tax benefit, it should be reported as part of the gross income for the year in which recovered. *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359; *Chicago, R. I. & P. Ry. Co.* v. *Commissioner*, 47 Fed. (2d) 990; *Nash* v. *Commissioner*, 88 Fed. (2d) 477; certiorari denied, 301 U. S. 700. Cf. *Commissioner* v. *Central United National Bank*, 99 Fed. (2d) 568, affirming 33 B. T. A. 588; *Beacon Auto Stores, Inc.*, 42 B. T. A. 703; *Estate of William H. Block*, 39 B. T. A. 338; affd., *Union Trust Co.* v. *Commissioner*, 111 Fed. (2d) 60; certiorari denied, 311 U. S. 658; *Central Loan & Investment Co.*, 39 B. T. A. 981; *Houbigant, Inc.*, 80 Fed. (2d) 1012, affirming 31 B. T. A. 954; certiorari denied, 298 U. S. 669, and the various authorities cited in those cases.

In the instant case there was no actual recovery in the taxable year of money paid out in previous years. However, petitioner's deductions from income for real estate taxes in prior years rested upon the accrual of its liability to actually pay such taxes at some subsequent date and for income tax purposes such accruals were properly treated as if payment had been made in the years the deductions were allowed. Having been so treated, we think the cancellation in part of the liability represented by such accruals was, for tax purposes, the equivalent of a recovery in the taxable year of the amount of the cancellation.

In *Helvering* v. *Jane Holding Corporation*, 109 Fed. (2d) 933 (reversing 38 B. T. A. 960) ; certiorari denied, 310 U. S. 653, interest on a loan was accrued, but not paid, and deducted from income on the taxpayer's returns over a period of years prior to the taxable year there involved. In the taxable year, while the taxpayer was solvent, the accrued interest debt was canceled and forgiven for a consideration and not as a gratuity or a contribution to capital. The court held that the interest indebtedness theretofore deducted from income constituted taxable income in the year it was canceled. The court reviewed and discussed some of the above cited cases and numerous other prior decisions involving an analogous principle and said :

The above cases recognize the principle that an obligation, once deducted but not paid, represents income when, because of subsequent circumstances, it is cancelled or it may be determined with reasonable certainty that it will never be enforced. None of the cases attach any importance to the means by which the cancellation is effected. That is immaterial, the controlling factors being the previous deductions offsetting income otherwise taxable and the subsequent release of the indebtedness before payment.

In the instant case the petitioner, having derived the benefit of deductions for its liability for accrued but unpaid real estate taxes in the amount of $5,336.30, to offset income subject to tax in years prior to 1936, and having been relieved, through cancellation in 1936, of its liability to pay such real estate taxes, that amount of $5,336.30 constituted a part of its gross income for the year 1936. *Elsie S. Eckstein*, 41 B. T. A. 746.

The second issue herein involves the question of whether respondent erred in disallowing a deduction of $1,772, claimed as real estate taxes accrued as a liability of petitioner for the year 1936, but not paid in that year.

The record herein fails to show that the amount of $1,772 taxes assumed and paid by the city of Medford has been included in petitioner's gross income for 1936, either as reported by petitioner on its return or as determined by respondent in his deficiency notice, and no issue has been raised by this proceeding as to whether this item of

$1,772 should now be included in petitioner's gross income for the taxable year 1936. Accordingly, we express no opinion as to whether this amount constituted a nontaxable business subsidy to petitioner under the principles announced in *Edwards* v. *Cuba Railroad*, 268 U. S. 628, as contended by petitioner.

The respondent's disallowance of the claimed deduction did not have the effect of including the amount of the alleged nontaxable subsidy in gross income for 1936, as contended by petitioner, for his determination resulted merely in the disallowance of a claimed deduction from petitioner's gross income derived from its own operating revenues, exclusive of the alleged subsidy.

The sole question herein is whether respondent erred in disallowing the claimed deduction of $1,772 as real estate taxes accrued as a liability of petitioner for the year 1936. The facts disclose that prior to the end of the taxable year 1936 it was determined, with reasonable certainty, by the favorable vote on the city's appropriation of $2,000 annually to pay petitioner's real estate taxes and also by the guaranty contained in the petition of the 266 citizens of Medford, that petitioner's accrued liability for 1936 real estate taxes would never be enforced against it, that is, that petitioner would never have to pay such taxes out of its own operating revenues. Accordingly, we hold that petitioner's 1936 real estate taxes were not a proper accrual deductible from its gross income for 1936 under section 23 (c) of the Revenue Act of 1936.

*Decision will be entered under Rule 50.*