**LASTARMCO, INC., Petitioner-Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

No. 83–4370.

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1984.

Kenneth W. Gideon, Chief Counsel, John H. Menzel, Director, Tax Lit. Div., Robert B. Miscavich, I.R.S., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael J. Roach, Jonathan S. Cohen, Michael L. Paup, Chief, Appellate Section, Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent-appellant.

Monroe & Lemann, Richard P. Wolfe, Benjamin B. Blanchet, New Orleans, La., for petitioner-appellee.

Before TATE, and JOLLY, Circuit Judges.*

TATE, Circuit Judge:

This appeal concerns the interrelationship and application of several provisions of the Internal Revenue Code of 1954, as amended. The Commissioner appeals from the Tax Court's determination favorable to the taxpayer. 79 T.C. 810 (1982). We affirm.

*Overview*

For its 1975 tax year, the taxpayer (a corporation) had taxable income (before subtracting the deductions at issue) of $470,980. *Subject* to percentage limitations to be described, the taxpayer was entitled to deductions from taxable income (a) of $58,049 for percentage depletion of mineral royalties, Section 613A, and (b) of $415,992 for dividends received from another taxable corporation, Section 243(a)(1).

However, determination of the allowable amount of these deductions, as reduced to the statutory percentage limitations, re-

---

* This opinion is being entered by a quorum of this panel pursuant to 28 U.S.C. § 46(d). Judge Davis was a member of the panel that heard oral argument, but subsequently disqualified himself from further participation in this case.

quired a determination of the "taxable income", as well as, most pertinently to this litigation, whether there was a "net operating loss". Compounding the difficulty of calculation, the "net operating loss" was by statute to be calculated without percentage limitation of (only) the dividends received deduction; while, if there *was* a "net operating loss", by statute the dividends received deduction was not subject to the percentage limitation. Without particularizing the difficulties of calculation, comprehensively discussed by the Tax Court in its opinion, the determination of percentage limitation (based on "taxable income"), and thus of the net allowable amount of each deduction, as well as whether there was a "net operating loss", depended in present circumstances upon the ordering or synthesis by which the respective deductions were taken from the taxable-income figure—matters as to which the Code is silent.

## I.

The particular Code provisions here at issue are:

By Section 246(b)(1), the taxpayer's deduction for dividends received was subject to the limitation that it "shall not exceed 85 percent of the taxable income" (computed without regard to certain specified deductions not here relevant). Nevertheless, by Section 246(b)(2), this limitation did not apply if there was a "net operating loss" for the year.

By Section 172(c), "net operating loss" is defined as "the excess of deductions allowed by this chapter ["Income Taxes—Normal Taxes and Surtaxes"], over gross income; the latter to be calculated subject to "modifications" specified by Section 172(d). Pertinently, a Section 172(d)(5) modification provides that the "net operating loss" shall be computed "without regard to Section 246(b) (limitation on amount of deductions)" relating to dividends received. (Thus, under the statutory terms, the 85% limitation upon the dividends received deduction applied *if* there was no net operating loss for the year; but, in determining whether there *was* a net operating loss, the full allowable dividends received deduction was to be taken.)

By Section 613A(d)(1), the percentage depletion deduction was subject to the limitation that it "shall not exceed 65 percent of the taxpayer's taxable income" (computed without regard to certain specified deductions, not here relevant).

The Code defines a corporation's "taxable income" for income tax purposes as "gross income minus the deductions allowed by this chapter [the income tax statutory provisions]." Section 63(a). Both deductions, dividends received and percentage depletion, are deductions allowed under that chapter. Yet, as earlier noted, both are subject to percentage limitation based on the "taxable income" for the year. As the Tax Court noted, "what we have here is a circle. The circle exists because there are (a) two deductions, each initially limited to a percentage of taxable income, *except* that (b) one of the deductions is not so limited in the case of the existence of a net operating loss." 79 T.C. at 819.

## II.

At this point, we emphasize that the sole issue before us is whether the Tax Court correctly determined that there was a "net operating loss" for the taxpayer's 1975 tax year, for purposes of determining whether the limitation on the dividends received deduction applied, Section 246(b)(2). (As a result of the Tax Court's determination of net operating loss, the taxpayer was subject to no income tax liability for the year and was entitled to carryback credits to another tax year.) If the Commissioner had correctly determined that no net operating loss had occurred, we would have had little difficulty in according weight to the Commissioner's expertise and administrative function by which he had concluded that the most reasonable interpretation was that Congress had intended—*if* there was no net operating loss—that the percentage limitations on both deductions should be simultaneously applied, for which purpose the Commissioner had devised a linear equation, as set forth in Rev.Rul.

79–347, 1979 2 Cum.Bull. 122 (formulated in response to the issues raised by the present litigation). *See* Steinman and Willis, Solving the Complexities Involved in the Computation of Percentage Depletion, 55 Taxes 674 (1977).

The cited Revenue Ruling does not, however, in terms address the preliminary calculation of the net operating loss statutorily provided by Section 172(d)(5),—the provision, that the net operating loss should *not* take into account the percentage limitation upon the dividends received deduction. Nor does the ruling purport in terms to explain the relationship of this section with Section 246(b)(2), the provision that this percentage limitation shall not apply when there is a net operating loss. *See* Willis, Dividends Received Deduction Computed Incorrectly in Rev.Rul. 79–347, 58 Taxes 25 (1980).

### III.

The Commissioner's calculations of whether the taxpayer had sustained a net operating loss (for the preliminary purpose of determining whether the dividends received deduction was subject to a percentage limitation) was as follows: He first subtracted from the taxable income of $470,980 (as not reduced by the two deductions at issue) the full $415,992 of the dividends received deduction (*i.e.*, not reduced by the percentage limitation that was based on "taxable income", *see* Sections 246(b) and 172(d)(5)). From the balance ($54,988), the Commissioner determined (as if this balance were the "taxable income" for this purpose) that the $58,049 percentage depletion deduction (which was subject to the percentage limitation, Section 613A(d)(1)) was limited to $35,742 (65% of $54,988). Accordingly, there was net taxable income (for preliminary net operating loss purposes) of $19,246, and therefore the taxpayer was not entitled to avoid under Section

246(b)(2) the 85% percentage limitation provided by Section 246(b)(1) upon the deduction for dividends received.

Obviously, if the Commissioner had not *first* deducted the full dividends received deduction from the taxable income figure (so as to reduce it greatly), then the percentage depletion deduction ($58,049) would not have been limited to $35,742 by its own percentage limitation, Section 613A(d)(1), as based upon the reduced "taxable income" figure so derived; and, instead, no net operating loss would have been sustained.

The difference produced by ordering differently the respective deductions may readily be seen by the Tax Court result. From the taxable income figure of $470,-980, was *first* deducted the full percentage depletion deduction of $58,049 (not subject to its percentage limitation, Section 613A(d)(1), because the limiting 65% of $470,980 exceeded the actual amount of the deduction so claimed.) Since the net $412,-931 taxable income figure so derived was in excess of the full dividends received deduction of $415,992, the Tax Court held that the taxpayer had sustained a net operating loss of $3,061 and was therefore entitled to claim his full dividends received deduction (*i.e.*, not limited by its percentage limitation) on the 1975 tax return.

### IV.

We see no need to reiterate and summarize the opposing statutory arguments, analyzed fully in the Tax Court opinion. 79 T.C. 810 (1982). It is sufficient to state that, although the issue is not free from doubt (depending upon selection between alleged Congressional policies with regard to each deduction), we believe that the Tax Court correctly determined that, in the limited situation here presented,[1] the policies favoring disallowance of the limitations on the dividends received deduction when a

---

1. The limited circumstances are that the taxable income (before reduced for the deductions at issue) is less than the total of the deductions (disregarding their percentage limitations), while the deduction for dividends received (disregarding its percentage limitation) is less than this taxable income figure. In this situation, the special treatment accorded the dividends received limitation with regard to net operating loss calculation and effect, Section 172(d)(5), 246(b)(2), comes into play.

net operating loss is sustained outweighed those urged by the Commissioner.

The Commissioner argues with considerable force that no statutory justification supports the Tax Court methodology, by which the net operating loss is calculated by *first* computing the percentage depletion deduction's limitation (and here finding no limitation) on the basis of the taxable income figure that has not been reduced by taking into consideration *either* of the interrelated deductions. On behalf of the taxpayer, it is argued with equal force that no statutory warrant permits the Commissioner for such purposes to determine the percentage depletion deduction's limitation by a taxable income figure arrived at by, instead, *first* deducting the dividends received deduction. Nevertheless, although we believe both arguments to be well-founded in this respect, we ultimately conclude that, in this legislative hiatus, the Tax Court's resolution is more in accord with the Code as a whole and the probable intent of Congress as to whether a net operating loss had been sustained by the taxpayer under the present limited (*see* note 1) circumstances.

Further, the Tax Court's methodology is consistent with that statutorily provided with regard to a similar problem of simultaneous application of percentage (of taxable income) limitation upon both the charitable deductions and the dividends received deduction, see Tax Court opinion, 79 T.C. at 825–26, and we are unable to disagree with the Tax Court's construction of the legislative history of Section 613A (as added by a 1975 amendment to the 1954 Code) as not addressing the present issue, 79 T.C. 823–24, and as not implying (as contended) that the Commissioner's approach should be followed.

The Tax Court's methodology, unlike that of the Commissioner, recognizes in result the effect of *both* deductions upon the determination of whether a net operating loss had been sustained, for purposes of the favorable treatment statutorily accorded to disregarding the percentage limitation (Section 246(b)(1)) when a net operating loss results, Sections 172(d)(5), 246(b)(2). In our affirmation of the Tax Court result, some ultimate persuasiveness is furnished in that the identical result of net operating loss amount is reached if, instead of in terms (as did the Tax Court) ordering the calculation of the percentage depletion deduction *first*, the preliminary calculation of the respective limitations had been done as if they simultaneously applied, in accordance with the Commissioner's linear equation formula.[2] Wisely or unwisely, Congress has provided both that the net operating loss be calculated without regard to the percentage limitation on the

---

2. The text of the opinion notes the Commissioner's administrative determination is that the limitations provisions applicable to both deductions should be applied simultaneously by means of a linear equation formula. Rev.Rul. 79–347, 1979–2 C.B. 122. If, in determining net operating loss for present purposes, the limitations applicable to the respective deductions were first calculated by this formula, any amount by which the dividends received deduction was thereby limited (reduced) would—in order to satisfy the requirement of Section 172(d)(5) that the net operating loss be calculated without regard to such calculation—nevertheless be restored as a deduction from taxable income for purposes both of calculating the net operating loss and, also, if one were thereby established, for purposes of the non-application of this percentage limitation, Section 246(b)(2). If this methodology were followed, adopting the Commissioner's figures in his brief, we reach the following calculations and reach the same net operating loss as that determined by the Tax Court.

| | |
|---|---|
| Taxable income (without the two deductions) | $470,980 |
| Less: | |
| (a) Depletion percentage deduction | 58,049 |
| (b) Limited (.85) dividends received deduction | 313,110* |
| (c) PLUS (to restore, for net operating purposes, the dividends received deduction as previously reduced by the limitation; as provided by Section 172(d)(5)) | 102,882 |
| Subtotal | $474,041 |
| NET OPERATING LOSS | $ 3,061 |

*We recognize that, under the Commissioner's formula, this limitation figure reached by the linear equation would subsequently be adjusted upward to reflect that no limitation (as calculated by the formula) was applicable to the depletion percentage deduction. However, any upward adjustment of deduction in (b) above would be compensated for by an equivalent adjustment in (c), and so precise apportionment is not necessary for this example.

dividends received deduction, Section 172(d)(5), and, simultaneously, that the limitation does not apply if the taxpayer sustained a net operating loss for the tax year, Section 246(b)(2). Of the two opposing approaches, the Tax Court's methodology takes into account these statutory policies, while the Commissioner's does not.

We do not read or affirm the Tax Court decision as providing an inflexible methodology requiring in all circumstances a particular ordering in the determination of the limitations applicable to the two deductions at issue. Rather, we view it simply as a formula under the particularized special circumstances here occurring (*see* note 1 *supra*) to determine the net operating loss for the limited purpose of determining whether the dividends received limitation does or does not apply. We simply hold that the Tax Court committed no error in finding that the taxpayer's method of calculating the net operating loss for present purposes was more in accord with the legislative scheme and purposes than the methodology urged by the Commissioner—especially since it reaches the same result of net operating loss that would be reached if the respective limitations on the percentage depletion and on the dividends received deductions were simultaneously applied (*see* note 2 *supra*), in accordance with what the Commissioner contends to be the Congressional intent.

*Conclusion*

Accordingly, we AFFIRM the Tax Court finding of a net operating loss that resulted in non-application of the percentage limitation upon the dividends received deduction.

AFFIRMED.