**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-2078

UNITED STATES,

Appellee,

v.

STEVEN A. SWAN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Torruella, Lynch and Lipez,
Circuit Judges.

Steven A. Swan on brief pro se.
Thomas P. Colantuono, United States Attorney, and William E. Morse, Assistant U.S. Attorney, on brief for appellee.

July 6, 2006

**Per Curiam**. After carefully considering the briefs and record on appeal, we affirm the judgment below.

The appellant argues that the government failed to produce sufficient evidence to allow a reasonable jury to conclude that he acted willfully. A willful violation is a voluntary, intentional relinquishment of a known legal duty. Cheek v. United States, 498 U.S. 192 (1991). An error arising from a *bona fide* misunderstanding of the Tax Code is not willful, but an error arising from a constitutional or philosophical objection is willful. Cheek, 498 U.S. at 205-206. The appellant argues that he sincerely believed that the Tax Code was unconstitutional. This is just the sort of argument that Cheek precludes. United States v. Bonneau, 970 F.2d 929 (1st Cir. 1992). In any event, he makes no showing that a reasonable jury could not have found that he knew his tax obligations and intentionally renounced them. United States v. Campbell, 268 F.3d 1 (1st Cir. 2001).

The appellant also argues that the court should have dismissed the charges on the ground of selective prosecution. He shows no error. To prevail on a selective prosecution claim, he would have to show, *inter alia*, that he was singled out for prosecution for impermissible reasons. United States v. Graham, 146 F.3d 6 (1st Cir. 1998). Minimally, his criminal investigation

-2-

began before the speech that he alleged triggered his prosecution. United States v. Serafino, 281 F.3d 327 (1st Cir. 2002).

Finally, the appellant fails to show that his tax liabilities violate the Sixteenth Amendment. The amendment eliminated apportionment. Quijano v. United States, 93 F.3d 26 (1st Cir. 1996). The appellant points to nothing in its plain language or other law that supports his position. Edwards v. Cuba R. Co., 268 U.S. 628 (1925).

The appellant's remaining arguments are either not properly before us or insufficiently developed. In the light of this decision, the appellant's remaining pending motions are denied.

Affirmed. 1st Cir. R. 27(c).